IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMBASSADOR DEVELOPMENT, LLC, *et al.* ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:08-cv-00982 <br> Assigned to Judge John D. Bates |

**DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Robert R. Montagne, Jr., Thomas F. Dungan, III and Thomas Dungan, Jr. ("Defendants"), by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss the Complaint filed by Plaintiff, Thomas J. Downey ("Plaintiff"). The grounds for this motion are set forth in the accompanying Memorandum of Law in Support, which is attached hereto and incorporated herein by reference.

                                                                            ROBERT R. MONTAGNE, JR.,
                                                                            THOMAS F. DUNGAN, III AND
                                                                            THOMAS DUNGAN, JR.
                                                                            By Counsel

By:   /s/ Jesse J. Ash
         Jesse J. Ash, Esq.
         D.C. Bar #: 485207
         REED SMITH LLP
         1301 K Street, N.W.
         Suite 1100 -- East Tower
         Washington, D.C. 20005
         Phone (202) 414-9200
         Fax (202) 414-9299

Michael S. Dingman, Esq. (counsel)
Richard D. Kelley, Esq. (counsel)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
Phone (703) 641-4200
Fax (703) 641-4340

Attorneys for Defendants

Dated: June 13, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008, I served by electronic filing and first class mail, postage prepaid, a copy of the foregoing Motion to Dismiss upon:

>Richard T. Rossier, Esq.
>Marc E. Miller, Esq.
>Alex Menendez, Esq.
>McLeod Watkinson & Miller
>One Massachussetts Avenue, NW
>Suite 800
>Washington, DC 20001
>*Counsel for Plaintiff*

>/s/ Jesse J. Ash
>Jesse J. Ash

#539525

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMBASSADOR DEVELOPMENT, LLC, *et al.* )<br>)<br>Defendants. )<br>) | Case No. 1:08-cv-00982<br>Assigned to Judge John D. Bates |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of their Motion to Dismiss Plaintiff's Complaint, Defendants, Robert R. Montagne, Jr., Thomas F. Dungan, III and Thomas Dungan, Jr. ("Defendants"), by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, state as follows:

## INTRODUCTION

This matter stems from the sale of a condominium unit by Ambassador Development, LLC ("Ambassador") to Plaintiff, Thomas J. Downey ("Plaintiff"). On September 23, 2003, Plaintiff entered into a contract (the "Agreement") with Ambassador for the sale of a condominium unit (the "Unit") located in the District of Columbia. (Complaint, ¶ 10) On October 21, 2003, Plaintiff and Ambassador closed on the Unit. (Complaint, ¶ 12) In his Complaint, Plaintiff alleges that he sent a letter to Ambassador on May 11, 2005 which outlined various alleged problems with the Unit. (Complaint, ¶ 15) Plaintiff further alleges that subsequent discussions did not result in an agreement for remedying the alleged defects in the Unit, so Plaintiff made the repairs on his own accord. (Complaint, ¶¶ 16-17)

Approximately two years after sending his letter of May 11, 2005, Plaintiff states that he initiated an arbitration proceeding. (Complaint, ¶ 19) This proceeding, however, ended upon Plaintiff's realization that Ambassador had been formally dissolved on November 13, 2006 by Ambassador's required filing articles of dissolution. (Complaint, ¶ 21)

Having failed to adequately pursue or resolve his disputes with Ambassador, Plaintiff now files a nine count lawsuit against not only Ambassador, a non-existent limited liability company, but also against Ambassador's former members, the Defendants. As discussed below, all nine of Plaintiff's counts fail to state claim upon which relief may be grant and, therefore, Plaintiff's Complaint should be dismissed with prejudice.

## ARGUMENT

Plaintiff's Complaint alleges the following nine counts: (1) breach of statutory warranty against Ambassador, (2) breach of contract against Ambassador, (3) breach of express warranty against Ambassador, (4) breach of implied covenant of good faith and fair dealing against Ambassador, (5) breach of implied warranties against Ambassador, (6) strict product liability against Ambassador, (7) piercing the corporate veil against the Defendants, (8) wrongful dissolution against the Defendants, and (9) de facto partnership against the Defendants.

Because Ambassador was formally dissolved in November of 2006, Ambassador no longer exists and has not (can not), therefore, filed any appearance or responsive pleading regarding the Complaint. Counts one through six, therefore, should be dismissed with prejudice and Ambassador should be dropped from the style of this matter.

Counts seven, eight and nine, filed against the Defendants, should also be dismissed for failing to state a cause of action upon which relief may be granted. Plaintiff's Complaint alleges

no facts upon which he could pierce the corporate veil, and no causes of action exist for either wrongful dissolution or de facto partnership.

I. **PLAINTIFF HAS ALLEGED NO FACTS TO WARRANT A PIERCING OF THE CORPORATE VEIL.**

Plaintiff's claim for piercing the corporate veil should first be dismissed because there is no corporation to pierce. As noted above, Ambassador was dissolved in November of 2006 through the statutorily required filing of articles of dissolution in accordance with § 29-1047 of the District of Columbia Official Code. As such, Ambassador has been a defunct, non existent company for well over a year.

In addition, the general rule is that a corporation is regarded as an entity separate and distinct from its shareholders. *Vuitch v. Furr*, 482 A.2d 811, 815 (DC 1984) (citing *Harris v. Wagshal*, 343 A.2d 283, 287 (DC 1975)). The Court of Appeals for the District of Columbia has held that in order to pierce a corporate veil and hold individual shareholders liable, there must be (1) unity of ownership and interest and (2) it must appear that the corporation is not only controlled by those persons, but also that the separateness of the person persons and the corporation has ceased and adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice. *See Viutch*, 482 at 815; *Camacho v. 1440 Rhode Island Ave. Corp.*, 620 A.2d 242, 247 (DC 1993) (quoting *Burrows Motor Co. v. Davis*, 76 A.2d (DC 1950).

While there is no precise formula by which to determine when to pierce the corporate veil, certain factors include (1) fraudulent use of the corporation as an individual's personal instrument, (2) extensive commingling of personal and corporate funds, (3) substantial disregard of the formalities of the corporate form, and (4) inadequate initial capitalization. *Viutch*, 482 at 816.

Plaintiff's Complaint contains absolutely no allegations that Defendants operated Ambassador in any manner that would justify a piercing of the corporate veil. While Plaintiff makes the conclusory allegations that there was a "unity of ownership and interest", that Ambassador was "merely an alter ego of these individuals" and Ambassador's separateness was "a mere fiction", these conclusions are not supported by one factual assertion, much less an assertion that supports the factors set forth above. (Complaint, ¶¶ 69-70)

Plaintiff's allegation that Defendants wrongfully dissolved Ambassador is also without legal or factual support to pierce the corporate veil under the law of the District of Columbia. (Complaint, ¶ 71) Even if Defendants "wrongfully dissolved" Ambassador, which they did not, such dissolution had no affect or bearing upon Plaintiff's underlying claims related to the condition of the Unit. As such, there is no proximate causation between the Plaintiff's allegations, of his alleged damages, and the dissolution of Ambassador such that could warrant a piercing of the corporate veil.

Plaintiff's Complaint fails to set forth any allegations sufficient to warrant a piercing of the corporate veil and, therefore, Count 7 to Plaintiff's Complaint should be dismissed.

II.     **NO CAUSE OF ACTION EXISTS FOR WRONGFUL DISSOLUTION.**

Count 8 of Plaintiff's Complaint is for "Wrongful Dissolution" of Ambassador. No such cause of action, however, exists under either the statutory or common law of the District of Columbia. While § 29-1047 of the District of Columbia Official Code relates to the dissolutions of limited liability companies generally, it does not provide either a right to complain or a remedy related to dissolutions. With no implicit right of action under the statute, there is no standing to bring a private right of action. *National Treasury Emp. U. v. Campbell*, 442 F.Supp. 1122, 1124

(D.D.C. 1980). As such, Plaintiff has failed to state a cause of action upon which relief may be granted and, therefore, Count 8 to Plaintiff's Complaint should be dismissed.

### III. NO CAUSE OF ACTION EXISTS FOR *DE FACTO* PARTNERSHIP.

Count 9 of Plaintiff's Complaint is for "*de facto*" partnership. No such cause of action, however, exists under either the statutory or common law of the District of Columbia. As such, Plaintiff has failed to state a cause of action upon which relief may be granted and, therefore, Count 9 to Plaintiff's Complaint should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion and dismiss Plaintiff's Complaint with prejudice.

                                        ROBERT R. MONTAGNE, JR.,
                                        THOMAS F. DUNGAN, III AND
                                        THOMAS DUNGAN, JR.
                                        By Counsel

By:   /s/ Jesse J. Ash
       Jesse J. Ash, Esq.
       D.C. Bar #: 485207
       REED SMITH LLP
       1301 K Street, N.W.
       Suite 1100 -- East Tower
       Washington, D.C. 20005
       Telephone (202) 414-9200
       Facsimile (202) 414-9299

       Michael S. Dingman, Esq. (counsel)
       Richard D. Kelley, Esq. (counsel)
       REED SMITH LLP
       3110 Fairview Park Drive, Suite 1400
       Falls Church, Virginia 22042
       Phone (703) 641-4200
       Fax (703) 641-4340

Attorneys for Defendants
Dated: June 13, 2008

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008, I served by electronic filing and first class mail, postage prepaid, a copy of the foregoing Motion to Dismiss upon:

>Richard T. Rossier, Esq.
>Marc E. Miller, Esq.
>Alex Menendez, Esq.
>McLeod Watkinson & Miller
>One Massachussetts Avenue, NW
>Suite 800
>Washington, DC 20001
>*Counsel for Plaintiff*

>/s/ Jesse J. Ash
>Jesse J. Ash

#539535