IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 08-0982 (JDB) |
| ) | |
| AMBASSADOR DEVELOPMENT, LLC ) | |
| ET AL. ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF THOMAS J. DOWNEY'S MOTION TO REMAND AND FOR COSTS ON THE GROUNDS OF DEFECTIVE REMOVAL**

Plaintiff Thomas J. Downey ("Plaintiff"), by counsel, hereby moves this Court pursuant to 28 U.S.C. § 1447(c) for an order remanding this action to the Superior Court for the District of Columbia. In support of this motion, Plaintiff states as follows.

1. Plaintiff commenced this action in the Superior Court for the District of Columbia on May 9, 2008.

2. Pursuant to 28 U.S.C. § 1446 the defendants in this action had 30 days to file a notice of removal in the district court.

3. The consent of all defendants is required to properly remove this action.

4. Ambassador Development, LLC ("Ambassador") is a properly named defendant in this action. Valid service of process was made on Ambassador on May 19, 2008.

5. Defendants Robert R. Montagne, Jr., Thomas F. Dungan, III and Thomas Dungan, Jr. (some but not all of the defendants) removed this action from the Superior Court for the District of Columbia by filing Notice of Removal on June 6, 2008.

6. The deadline for Ambassador to file notice of removal was June 19, 2008. Defendant Ambassador has failed to file notice of removal.

7. The Notice of Removal is defective under 28 U.S.C. §1446 because defendant Ambassador did not join in removal.

8. Because the notice of removal is defective, remand to the Superior Court for the District of Columbia is proper.

WHEREFORE, Plaintiff respectfully requests this Court remand the action to the Superior Court for the District of Columbia and award costs, including attorney fees.

Dated: June 27, 2008

Respectfully submitted,

Richard T. Rossier (D.C. Bar No. 334649)
Marc E. Miller (D.C. Bar No.948372)
Alex Menendez (D.C. Bar No. 470475)
MCLEOD WATKINSON & MILLER
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001
(202) 842-2345
(202) 408-7763

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0982 (JDB) |
| ) | |
| AMBASSADOR DEVELOPMENT, LLC ) | |
| ET AL. ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM OF LAW**

Plaintiff Thomas J. Downey ("Plaintiff"), by counsel, hereby submits this Memorandum of Law in support of his Motion to Remand, and states as follows:

**I.   Factual background**

Plaintiff Thomas J. Downey ("Plaintiff") commenced this action in the Superior Court for the District of Columbia on May 9, 2008. Named as defendants in the complaint are Ambassador Development, LLC ("Ambassador"), Robert R. Montagne, Jr. ("Montagne"), Thomas F. Dungan, III ("Dungan III") and Thomas Dungan, Jr. ("Dungan Jr.") (collectively "Defendants"). Plaintiff's complaint seeks monetary damages for Defendants' failure to properly construct and renovate a condominium unit at 1750 16th Street, NW in the District of Columbia, and the refusal of Defendants to honor Ambassador's warranty relating to defects.

Valid service of process was made on Montagne and Dungan III on May 16, 2008, and on Dungan Jr. and Ambassador on May 19, 2008. *See* Exh. A. On June 6, 2008, Montagne, Dungan III and Dungan Jr. removed this action to this Court (Dkt. No. 1) ("Notice of Removal") asserting diversity of citizenship under 28 U.S.C. § 1332 as the

basis for subject matter jurisdiction. Ambassador did not join the Notice of Removal or otherwise evidence its consent to it.

## II.   Applicable Law

Defendants desiring to remove a civil action from state to federal court have 30 days after service of the complaint to file a notice of removal in the district court. *See* 28 U.S.C. § 1446. It is well settled that all defendants must join in removal. *See Princeton Running Co. v. Williams*, No. 05-1461, 2006 U.S. Dist. LEXIS 62622, at *7 (D.D.C. Sept. 5, 2006); *Williams v. Howard University*, 984 F. Supp. 27, 29 (D.D.C. 1997) ("where there is more than one defendant, 'it is well established that removal generally requires unanimity among the defendants'") (quoting *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) and citing *Chicago R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247, 44 L. Ed. 1055, 20 S. Ct. 854 (1900), *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) and 14A Wright, Miller & Cooper, Federal Practice and Procedure §§ 3723 & n.6, 3731 & n.7).

Because federal courts have limited jurisdiction, removal statutes are strictly construed. *See US Airways Master Exec. v. Am. W. Master Exec. Council*, 525 F. Supp. 2d 127, 132 (D.D.C. 2007) (citing *Howard University*, 984 F. Supp. at 29) ("Courts must strictly construe removal statutes."); *Princeton Running Co. v. Williams*, 2006 U.S. Dist. LEXIS 62622, at *5 (same); *District of Columbia v. 109,205.5 Square Feet of Land*, No. 05-202, 2005 U.S. Dist. LEXIS 7990, at *5 (D.D.C. Apr. 25, 2005) (same). The burden is on the defendant to show that removal was proper, and "[t]he court must resolve any ambiguities concerning the propriety of removal in favor of remand." *109,205.5 Square Feet of Land*, 2005 U.S. Dist. LEXIS 7990, at *5 (citations omitted).

2

A motion for remand based on a defect in removal procedure may be made at any time within 30 days of a defendant's notice of removal. *See* 28 U.S.C. § 1447(c). In deciding this motion, the Court must apply the substantive law of the District of Columbia, with all doubt resolved in favor of remand. *See Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997)) ("any ambiguity or doubt about the substantive state law favors remand to state court").

### III. Argument

#### A. Ambassador was a proper party in Superior Court.

The Removing Defendants claim Ambassador is not a proper party to this case, asserting that Ambassador's purported dissolution in November 2006 precludes Plaintiff from maintaining an action against the LLC.[1] In their Notice of Removal, the Removing Defendants state:

> Ambassador was a limited liability company organized under the laws of the District of Columbia but was formally dissolved in November of 2006. Any claim against Ambassador, therefore, is a legal nullity and cannot be used by the Plaintiff to deprive Defendants of their right to removal of this action.[2]

Notice of Removal ¶ 5.

---

[1] The language used by the Removing Defendants in their Notice suggests that they are asserting a claim of fraudulent joinder – absurd on its face in view of the governing D.C. statutory provisions and the specific facts and actions of Ambassador.

[2] The Removing Defendants appear to assume that the presence of Ambassador in this case would destroy diversity, depriving this court of subject matter jurisdiction under 28 U.S.C. § 1332, or prevent removal pursuant to 28 U.S.C. § 1441(b). *See* Notice of Removal ¶ 5. This assumption is incorrect. An LLC's citizenship is determined by the citizenship of its members. *See Breakman v. AOL, LLC*, No. 08-246, 2008 U.S. Dist. LEXIS 31365, at *10 (D.D.C. Apr. 17, 2008) (the appropriate test for the citizenship of limited liability companies is the citizenship of all of its members); *Adolph Coors Co. v. Truck Ins. Exch.*, No. 04-2150, 2005 U.S. Dist. LEXIS 3588, at *7 (D.D.C. Feb. 28, 2005) ("unincorporated entities carry the citizenship of their members."); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 179 (D.D.C. 2003) (holding that defendant's arguments justifying their application of the corporate-citizenship rule to LLCs were "entirely without merit"). Here, because the members of Ambassador are all citizens of Virginia, *see* Notice of Removal ¶ 5, Ambassador also would be considered a citizen of Virginia for the purposes of diversity jurisdiction. Therefore, complete diversity exists between the Plaintiff and all Defendants, and none of the defendants is a citizen of the State in which Plaintiff's action was brought.

The removing party bears the burden of proving that all proper parties joined in the election to remove. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) ("The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff."). Courts may ignore the presence of a defendant only when an examination of the pleadings reveals that there is "no possibility that the claims against that defendant could be asserted in state court." *Briarpatch*, 373 F.3d at 302. *See also Florence*, 484 F.3d at 1297 (removing defendant must prove that there is no possibility the plaintiff can establish a cause of action against the questioned defendant); *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim'" against the defendant at issue.) (citations omitted); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (the court must "determine whether that party has any possibility of recovery against the party whose joinder is questioned"). The court should not "decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Briarpatch*, 373 F.3d at 302. *See also Balt. County v. Cigna Healthcare*, 238 Fed. Appx. 914, 920 (4th Cir. 2007) ("In applying this strict standard, we have recognized that '[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.'") (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)).

In evaluating the claim, the court must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson*, 951 F.2d at 42. Indeed, the Fourth Circuit observed that "the standard for evaluating a

4

fraudulent joinder issue 'is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).'" *Balt. County*, 238 Fed. Appx. at 920 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)).

The existence and amenability to suit of an LLC is determined by state law. Federal Rule of Civil Procedure 17(b) provides that the capacity of a business entity to be sued is determined by the law of the state in which it is organized. *See Ripalda v. American Operations Corp.*, 977 F.2d 1464, 1468 (D.C. Cir. 1992) ("federal courts should look to state law in order to determine whether a corporation is extant at the time a suit is filed against it.").

In the District of Columbia, the dissolution of an LLC does not bar a legal claim against it. *See* D.C. Code § 29-1050. Instead, a dissolved LLC remains subject to legal proceedings in its name. *See id.* ("The persons winding up the limited liability company's affairs may, **in the name of**, and for and on behalf of, **the limited liability company**, prosecute and **defend suits**...") (emphasis added). Thus, even if Ambassador was properly dissolved – which it was not[3] – this fact alone cannot provide the basis for the Removing Defendants' claim that Ambassador is not a proper party to this action. Ambassador is in fact a proper party. Therefore, the Removing Defendants were required to obtain Ambassador's consent for removal.

---

[3] Plaintiff alleges improper dissolution and improper winding up in the Complaint. A statement in the Articles of Dissolution that Ambassador had "no known creditors" was required, *see* D.C. Code § 29-1049, but would necessarily not have been true. Furthermore, to properly wind up Ambassador, D.C. Code § 29-1051 requires that "the assets of the limited liability company shall be distributed as follows: (1) to creditors ... in satisfaction of liabilities of the limited liability company." No such assets were ever distributed to Downey. Furthermore, Plaintiff's claims against Defendant Ambassador arose in 2005, well before Ambassador dissolved and Ambassador had received formal notice of Downey's claims well before the purported dissolution. *See* Complaint ¶ 15.

**B.     All served defendants must consent to removal within the statutory 30-day period.**

This Court recognizes the Rule of Unanimity or "Three Musketeers Rule," which requires that <u>all</u> defendants join in the removal. *See Howard University*, 984 F. Supp. at 28,

> This Court joins the many other courts that have enforced what might be called 'the Three Musketeers Rule' under the federal removal statutes. Under this rule, multiple defendants must unambiguously and independently show that in seeking to remove a case from state court to federal court they are 'all for one, one for all.'

The burden is on the removing defendants to show that each defendant consented to the removal. *See id.* The removal procedure is defective if the removal is not unanimous amongst the defendants within the statutory 30-day period. *Princeton Running Co.*, 2006 U.S. Dist. LEXIS 62622, at *7 ("unless each defendant consents to removal in accordance with Section 1446(b)'s 30-day time period, the removal is untimely") *Howard University*, 984 F. Supp. at 30 ("Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective."); *Phillips v. Corr. Corp. of Am.*, 407 F. Supp. 2d 18, 20 (D.D.C. 2005) (same).

Here, Defendants Montagne, Dungan III and Dungan Jr. ("Removing Defendants") joined in the Notice of Removal. However, Ambassador did not give its consent. The Removing Defendants' incorrect assumptions as to the citizenship of Ambassador and the LLC's amenability to suit do not excuse their failure to obtain Ambassador's consent for removal. Without Ambassador's consent, the removal procedure was defective. Therefore, remand is required.

6

C.  **Remand is required because Ambassador did not join in removal.**

Because the defendants did not unanimously consent to removal of this action to this Court within the statutory 30-day period, remand to the Superior Court of the District of Columbia is required. *See Adolph Coors Co. v. Truck Ins. Exch.*, No. 04-2150, 2005 U.S. Dist. LEXIS 3588, at *6 (D.D.C. Feb. 28, 2005) ("If a defect in removal procedures or lack of subject-matter jurisdiction becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case.") (citing 28 U.S.C. § 1447(c)); *LaPoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 2 (D.D.C. 2003) (remanding action in which the district court had federal subject matter jurisdiction because the defendants did not unanimously consent to removal before the deadline); *Howard University*, 984 F. Supp. at 30 ("where there has been a timely motion to remand under 28 U.S.C. § 1447(c) for defective removal procedure because all defendants have not independently and unambiguously consented to removal, this Court shall remand the action.").

D.  **This Court should order the Removing Defendants to pay Plaintiff's costs, including attorney fees, incurred as a result of removal.**

Pursuant to U.S. Code, Title 28, Section 1447(c), this Court may require the Removing Defendants to reimburse Plaintiff for his "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). An award of attorney fees and costs is appropriate when "the removing party contradicts well-settled law in attempting to remove the case." *Adolph Coors*, 2005 U.S. Dist. LEXIS 3588, at *10 (because "well settled precedent exists for defining the citizenship of an

unincorporated entity, which in this case determines diversity," it was appropriate to award attorney fees and costs to the plaintiff upon remand).

Reimbursement to Plaintiff is due pursuant to 28 U.S.C. § 1447(c). As Plaintiff demonstrated, *supra*, the Rule of Unanimity is well-settled law, and the Removing Defendants failed to obtain the unanimous consent of all defendants in this action. The Removing Defendants mistaken assumptions as to the citizenship of Ambassador and the LLC's amenability to suit should not excuse their failure to comply with well-settled law. *See Yazdani v. Access ATM*, 457 F. Supp. 2d 36, 38 (D.D.C. 2006); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003). This Court should award Plaintiff his costs, including attorney fees, incurred as a result of removal.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court remand the action to the Superior Court for the District of Columbia and award Plaintiff his costs, including attorney fees.

Dated: June 27, 2008

Respectfully submitted,

Richard T. Rossier (D.C. Bar No. 334649)
Marc E. Miller (D.C. Bar No. 948372)
Alex Menendez (D.C. Bar No. 470475)
MCLEOD WATKINSON & MILLER
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001
(202) 842-2345
(202) 408-7763

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2008, I electronically filed a copy of the foregoing Plaintiff Thomas J. Downey's Motion to Remand and for Costs on the Grounds of Defective Removal, Memorandum and Proposed Order via CM/ECF, which sent notice of such filing to:

Jessie J. Ash
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005

Michael S. Dingman
Richard D. Kelley
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042

*Attorneys for Defendants Robert R. Montagne, Jr., Thomas F. Dungan, III and Thomas Dungan, Jr.*

I further certify that on this 27th day of June, 2008, I mailed a copy of the foregoing Plaintiff Thomas J. Downey's Motion to Remand and for Costs on the Grounds of Defective Removal, Memorandum and Proposed Order via First Class, postage prepaid to:

Ambassador Development, LLC
Notify: GYFB, INC.
2000 L St., N.W. #675
Washington, D.C. 20036

_____
Richard T. Rossier

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMBASSADOR DEVELOPMENT, LLC )<br>ET AL. )<br>Defendants. )<br>) | Civil Action No. 08-0982 (JDB) |

**ORDER**

In consideration of Plaintiff Thomas J. Downey's Motion to Remand and for Costs on the Grounds of Defective Removal, it is hereby

**ORDERED** that Plaintiff's Motion to Remand is granted and this case is remanded to the Superior Court of the District of Columbia. It is further

**ORDERED** that the defendants shall pay the plaintiff's costs and expenses incurred as a result of challenging the defendants' improper removal of this case to this Court. It is further

**ORDERED** that the plaintiff shall file an itemized list of costs and expenses incurred in challenging the removal within ten days from the date of this Order. The defendants may file a response to the plaintiff's list of itemized costs and expenses within ten days after the plaintiff's papers are submitted to the Court.

SIGNED this _____ day of _____, 2008.

_____
JOHN D. BATES
United States District Judge

Richard T. Rossier
Marc E. Miller
Alex Menendez
MCLEOD WATKINSON & MILLER
One Massachusetts Avenue, NW
Suite 800
Washington, D.C. 20001

*Attorneys for Plaintiff*

Jessie J. Ash
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005

Michael S. Dingman
Richard D. Kelley
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042

*Attorneys for Defendants Robert R. Montagne, Jr.,
Thomas F. Dungan, III and Thomas Dungan, Jr.*

Ambassador Development, LLC
Notify: GYFB, INC.
2000 L St., N.W. #675
Washington, D.C. 20036