IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS J. DOWNEY                            )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )        Civil Action No. 08-0982 (JDB)
                                            )
AMBASSADOR DEVELOPMENT, LLC, *et al.*       )
                                            )
          Defendants.                       )
                                            )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants, Robert R. Montagne, Jr., Thomas F. Dungan, III and Thomas Dungan, Jr.

("Defendants"), by and through their undersigned counsel, file their Opposition to Plaintiff's

Motion to Remand, stating as follows:

### INTRODUCTION

On May 9, 2008, Plaintiff Thomas J. Downy ("Plaintiff") filed this action in the Superior

Court for the District of Columbia. On June 6, 2008, within 30 days of service and in accordance

with 28 U.S.C. § 1446, Defendants properly removed this action to this Court. Plaintiff now seeks

to remand this matter to the Superior Court for the District of Columbia on the grounds that

Ambassador Development, LLC ("Ambassador") did not join in the removal process.

Plaintiff's arguments in support of remand, however, are misplaced. In his memorandum,

Plaintiff misquotes the Federal Rules and places his reliance upon inapplicable statutes and case

law. Plaintiff's argument misses the very reason why Ambassador is absent from the removal

process. Regardless of whether or not Ambassador would destroy diversity, Ambassador could

not join in any removal because <u>Ambassador does not exist</u>. There is no procedure for a non-

existent limited liability company to make a special appearance asserting that it does not exist.[1]

Ambassador is at best a nominal party whose consent to removal is not only unobtainable, but

unnecessary.[2]  Plaintiff's attempt to defeat the Defendants' right to remove this case (Plaintiff

concedes that complete diversity exists) based upon the failure of a nonexistent entity's consent to

removal must be rejected.

### ARGUMENT

Plaintiff's motion is premised on the incorrect assertion that Ambassador is an existing

limited liability company and therefore should have joined Defendants in their removal of this

action.  Plaintiff admits in his Complaint that Ambassador was "dissolved by filing articles of

dissolution on or about November 13, 2006," Complaint at ¶ 22, 17 months before the Complaint

was filed.  Despite this fact, Plaintiff argues that Ambassador still exists via statute and/or because

Ambassador allegedly improperly dissolved.  Both of these arguments, however, are without

merit.  Ambassador does not exist, no claims can be asserted against it and it is a sham or nominal

party whose consent to removal is not required or even obtainable.

I.    **Under the law of the District of Columbia, Ambassador Does Not Exist And Plaintiff Cannot Assert a Claim Against Ambassador.**

Plaintiff cites *Ripalda v. American Operations Corp.*, 977 F.2d 1464 (D.C. Cir. 1992) for

the proposition that "federal courts should look to state law in order to determine whether a

corporation is extant at the time a suit is filed against it."  *Id.*  Defendants agree.  *Ripalda*,

however, demonstrates that Ambassador, as a limited liability company, no longer exists, for the

---

[1]    Indeed, one wonders how a nonexistent corporation goes about hiring counsel for such a challenge.
[2]    Defendants point out that they are alleged by Plaintiff to be the sole members of Ambassador.  Clearly all of the members of Ambassador consent to the removal of this case.

purpose of being sued or otherwise. Accordingly, Ambassador's consent to removal was not required.

In *Ripalda*, the entity in question, American Operations Corporation ("AOC"), was a Delaware corporation. *Ripalda*, 977 F.2d at 1465. The district court dismissed plaintiff's case, ruling in part that AOC could not be used as a party for diversity purposes because of its dissolution a year prior to the filing of the lawsuit. *Id.* The United States Court of Appeals for the District of Columbia Circuit, however, held that Delaware law provided for a three-year period after dissolution within which a corporation could sue and be sued, which meant that the AOC's citizenship was established for that time period as well. *Id.* at 1468-69. In reaching this conclusion, the Court held that "state corporate law determines the suability of a dissolved corporation such as AOC." *Id.* at 1468. Thus, in this case the "suability" of Ambassador is determined by the statutes of the District of Columbia regarding the dissolution of a limited liability company.

In *Ripalda*, the Delaware statute at issue stated, in pertinent part, "all corporations, whether they expire by their own limitations or are otherwise dissolved, shall nevertheless be continued, for the term of three years from such expiration or dissolutions ..., bodies corporate for the purpose of prosecuting and defending suits ...." *Id.* at 1465-66 (citing 8 Del. Code Ann. § 278). A similar statute exists for corporations established under the laws of the District of Columbia. District of Columbia Code § 29-101.97, entitled "Survival of remedy after dissolution," provides for a two-year period after the date of dissolution within which claims may be brought for or against the corporation. There is no similar provision, however, with respect to a limited liability company formed under the laws of the District of Columbia. *See* District of Columbia Code § 29-1047-1051. No provision of the limited liability company section of the District of Columbia Code

extends the existence of a limited liability company after dissolution. Under *Ripalda*, Ambassador is not "suable" and its consent to removal is not required.

The fact that certain rights and remedies exist for a dissolved corporation, but not for a dissolved limited liability company, is determinative of the issue at hand. "Where a statute, with reference to one subject, contains a given provision, the omission of such [a] provision from a similar statute concerning a related subject ... is significant to show [that] a different intention existed." *Howard University Hospital/Property & Cas. Guarantee Fund v. District of Columbia Dept. of Employment Servs.*, --- A.2d ---, 2008 WL 1967725, *5 (D.C. 2008) (quoting *Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C. 1988). Using the statutory construction aid *expressio unis est exclusio alterius*, the fact that the District of Columbia Code provides a time period for a dissolved corporation to be sued, but does not provide such a period for a dissolved limited liability company demonstrates that the legislature intended no such period to exist after the dissolution of a limited liability company. Ambassador, as a limited liability company, therefore, does not exist for any purpose, including being sued. To find otherwise would be to leave limited liability companies open to lawsuits indefinitely, something the legislature clearly did not intend. There is no basis under the law of the District of Columbia for Plaintiffs to assert a claim against Ambassador 17 months after Ambassador was dissolved.

## II. Plaintiff's Use of D.C. Code § 29-1050 is Misplaced.

Plaintiff's reliance on D.C. Code § 29-1050 is misplaced. Section 29-1050 of the D.C. Code does not provide for a cause of action after dissolution of the LLC; it provides for one during the winding up of the LLC, just as the statute states. Winding up, of course, is the "process of settling accounts and liquidating assets in anticipation of a partnership's or a corporation's

dissolution."  Black's Law Dictionary 1631 (8th ed. 2004).  The process of winding up, therefore, takes place <u>before</u> formal dissolution of the company.

In addition, the process of winding up Ambassador, including "settl[ing] and clos[ing] the limited liability company's business, dispos[ing] of and convey[ing] the limited liability company's property, discharg[ing], or mak[ing] reasonable provision for the limited liability company's liabilities, and distribut[ing] to the members any remaining assets of the limited liability company" occurred long ago.  D.C. Code § 29-1050(b).  Under D.C. Code § 29-1047, "[a] limited liability company organized under this chapter is dissolved and its affairs shall be wound up upon the happening of the first to occur of the following events: … (5) Except as otherwise provided in the operating agreement, when the limited liability company has had no members for 90 consecutive days."  Again, these events occurred long ago.  Plaintiff's reliance on D.C. Code § 29-1050 is without any basis.

Finally, Plaintiff's reliance on D.C. Code §§ 29-1049 and 29-1051 is also unavailing.  Neither of these code sections provides for a cause of action against a limited liability company that has been dissolved, nor do they serve to somehow perpetuate a limited liability company involuntarily after such dissolution.  Only by statute may the existence of a limited liability company be extended and the District of Columbia has chosen not to adopt such a statutory provision.  While Plaintiff may have a remedy for the allegations within his Complaint, it does not include a suit against Ambassador, a dissolved, nonexistent limited liability company.

III.    **Ambassador is a Sham or Nominal Party Whose Consent to Removal is Not Required.**

In *Williams v. Howard University*, 984 F.Supp. 27 (D.D.C. 1997), relied upon by Plaintiff, this Court held that there are three exceptions to the requirement of consent to removal by all the defendants. The Court held "Three recognized exceptions to the unanimity rule are: (1) where one

or more of the defendants were not yet served with the initial pleading at the time the removal

petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3)

where the removed claim is a separate and independent claim . . . ." *Id.* at 30, fn. 5. Because

Plaintiff cannot state a claim against Ambassador because Ambassador does not exist,

Ambassador is a nominal party whose consent to removal is unnecessary.

In defining a "nominal party," the courts have held that "the bottom line concern in

determining a nominal party is whether the plaintiff can establish a cause of action against the

nonremoving defendant in state court." *Farias v. Bexar County Board of Trustees for Mental*

*Health Mental Retardation Services*, 925 F.2d 866, 872 (5th Cir. 1991). *See also Strotek Corp. v.*

*Air Transport Association of America*, 300 F.3d 1129 (9th Cir. 2002). *Strotek* is particularly

instructive here. In that case, the defendant that defeated diversity jurisdiction, the Air Transport

Association of America (ATA), had been dissolved. Nonetheless, the Plaintiff in that case argued

that it continued to exist and, therefore, defeated diversity jurisdiction. *Id.* at 1130. The Court

rejected the contention that ATA continued to exist, holding that "Strotek points to no statutory or

decisional law that requires an unincorporated association to stay alive for purposes of diversity

jurisdiction." *Id.* at 1132.   The Court further found that ATA "is dissolved" and "has no

operations." *Id.* at 1133. Thus, the Court held that ATA was a "nominal" party whose presence in

the case did not defeat diversity jurisdiction. The Court held: "Nor may the presence of a sham or

nominal party defeat removal on diversity grounds." *Id.* at 1132.

Ambassador is plainly a sham or nominal party. It no longer exists under the laws of the

District of Columbia. Plaintiff can point to no statutory or decisional authority to the contrary.

Moreover, having been dissolved 17 months before the Complaint was filed, Ambassador has long

since ceased operations and has no assets. As a nominal party, Ambassador's consent to removal

was not required. That Ambassador is a nominal party is further demonstrated by the fact that as a practical matter consent cannot be obtained from Ambassador because it does not exist. Since Ambassador does not exist and since Plaintiff can not assert a claim against Ambassador under the laws of the District of Columbia, Ambassador is a nominal party whose consent to removal was not required.

### Conclusion

Ambassador was dissolved in November of 2006 and is a nonexistent entity that is not a proper party to this action. Ambassador could not have, and was not required to, join in the removal of this action. Defendants' removal was, therefore, proper and Plaintiff's motion to remand should be denied.

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to remand.

ROBERT R. MONTAGNE, JR.,
THOMAS F. DUNGAN, III AND
THOMAS DUNGAN, JR.
By Counsel

By:   /s/ Jesse J. Ash
Jesse J. Ash, Esq.
D.C. Bar #: 485207
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 -- East Tower
Washington, D.C. 20005
(202) 414-9200
Michael S. Dingman, Esq. (counsel)
Richard D. Kelley, Esq. (counsel)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
Phone (703) 641-4200
Attorneys for Defendants

Dated: July 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2008, I served by electronic filing and first class mail, postage prepaid, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Remand:

> Richard T. Rossier, Esq.
> Marc E. Miller, Esq.
> Alex Menendez, Esq.
> McLeod Watkinson & Miller
> One Massachussetts Avenue, NW
> Suite 800
> Washington, DC 20001
> *Counsel for Plaintiff*

> /s/  Jesse J. Ash
> Jesse J. Ash, Esq.