IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0982 (JDB) |
| ) | |
| AMBASSADOR DEVELOPMENT, LLC ) | |
| ET AL. ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO REMAND AND FOR COSTS ON THE GROUNDS OF DEFECTIVE REMOVAL**

Plaintiff Thomas J. Downey ("Plaintiff"), by counsel, hereby submits this Reply Memorandum in further support of his Motion to Remand, and states as follows:

**BACKGROUND**

Plaintiff commenced this action in the Superior Court for the District of Columbia on May 9, 2008. Named as defendants in the complaint are Ambassador Development, LLC ("Ambassador"), Robert R. Montagne, Jr. ("Montagne"), Thomas F. Dungan, III ("Dungan III") and Thomas Dungan, Jr. ("Dungan Jr.") (collectively "Defendants"). On June 6, 2008, Montagne, Dungan III and Dungan Jr. – three of the four named defendants ("Removing Defendants") – removed this action to this Court asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction (Dkt. No. 1). Ambassador did not join the Notice of Removal or otherwise evidence its consent to it.

On June 13, 2008, Removing Defendants filed a Motion to Dismiss the Complaint, arguing that Plaintiff's claims for (1) breach of statutory warranty against

1

Ambassador, (2) breach of contract against Ambassador, (3) breach of express warranty against Ambassador; (4) breach of implied covenant of good faith and fair dealing against Ambassador; (5) breach of implied warranties against Ambassador, and (6) strict product liability against Ambassador should be dismissed because "Ambassador no longer exists" and Plaintiff's claims for (7) piercing the corporate veil against the Removing Defendants, (8) wrongful dissolution against the Removing Defendants, and (9) de facto partnership against the Removing Defendants should be dismissed for failure to state a cause of action upon which relief may be granted (Dkt. No. 5).[1]

On June 27, 2008 Plaintiff moved this Court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this action to the Superior Court for the District of Columbia on the grounds of defective removal procedure under 28 U.S.C. § 1446, because Defendant Ambassador did not join in removal (Dkt. No. 6). Removing Defendants oppose Plaintiff's motion, asserting that Ambassador's dissolution rendered it a nonexistent entity and as a result, its consent was not required. *See* Defs. Opp. at 2 (Dkt. No. 11).

**ARGUMENT**

I.   **Ambassador continues to exist for the purposes of winding up, which includes defending civil suits.**

An LLC is an entity distinct and separate from its members. *See HB Mgmt., LLC v. Brooks*, 2005 D.C. Super. LEXIS 6 (D.C. Super. Ct. 2005) ("[U]nder D.C. law, an LLC is an artificial entity, separate from its members."). In the District of Columbia, "any action brought by or against the LLC must be brought in the name of the LLC." *Id.*

The Removing Defendants argue that Ambassador ceased to exist upon the filing of Articles of Dissolution on November 13, 2006, and therefore they were not required to

---

[1] This Court stayed further proceedings on Removing Defendants' Motion until after the Court resolves Plaintiff's pending Motion to Remand (Order 7/1/08).

2

obtain its consent for removal. Opp. at 2. This argument is without merit for several reasons. First, as Plaintiff explained in his Motion to Remand, Ambassador did not comply with D.C. law in filing its Articles of Dissolution. D.C. Code § 29-1049 sets forth the requirements for valid articles of dissolution, including "[a] statement that notice of the dissolution was sent by registered mail, postage prepaid, return receipt requested to all known creditors of the limited liability company and the date of the mailing, or a statement that the limited liability company has no known creditors." *See* D.C. Code § 29-1049 (a)(5).[2] Ambassador's Articles of Dissolution omit this required statement.[3] *See* Art. of Dissol., attached hereto as Exhibit A. Pursuant to D.C. Code § 29-1049(d), if the above referenced filing requirements are not satisfied, the Articles of Dissolution "shall not be deemed to be filed." Ambassador's Articles of Dissolution do not meet the filing requirements. As a result, they are ineffective and thus do not operate to extinguish the existence of the LLC.

Second, not only are Ambassador's Articles of Dissolution legally insufficient, they are also demonstrably false. On October 30, 2006, Defendant Montagne, on behalf of Ambassador, by letter attached hereto as Exhibit B, offered Plaintiff $7,300 to resolve his warranty claim. On November 10, 2006, Plaintiff notified Defendants by email, attached hereto as Exhibit C, that this offer was not acceptable. Ambassador's statement in its Articles of Dissolution filed on November 13, 2006 – three days later – "[a]ll Debts, obligations, and liabilities of the limited liability company have been paid, discharged, or adequate provision has been made therefore." *See* Exh. A. On that date, Ambassador's

---

[2] D.C. Code § 29-1049 also requires a statement detailing "[t]he reason for filing the articles of dissolution." See D.C. Code § 29-1049 (a)(3). No such reason was given by Ambassador in its Articles of Dissolution. *See* Art. of Dissol., attached hereto as Exhibit A.

[3] More importantly, Ambassador failed to send notice of dissolution to Plaintiff -- despite being engaged in settlement negotiations with Plaintiff in the months and days leading up to filing its Articles of Dissolution.

obligations and liabilities to Plaintiff had not been paid or discharged. Thus, the only way that this statement was not fraudulent on its face is if Ambassador had made "adequate provision" for Plaintiff's claim. Taking the Removing Defendants at their word as set forth in their arguments to this Court, necessarily "adequate provision" was not made for Plaintiff's claims, see Defs. Opp. at 6 (asserting that "Ambassador ... has no assets."), otherwise, there would be assets remaining in Ambassador for the purposes of this litigation.

However, even assuming *arguendo* that Ambassador's Articles of Dissolution were not fraudulent and void, dissolution itself does not wholly terminate the existence of an LLC. Instead, an LLC continues to exist after dissolution for the purposes of winding up.[4] The Removing Defendants, citing the definition of "winding up" in Black's Law Dictionary, argue that "[t]he process of winding up ... takes place before formal dissolution." Opp. at 5 (emphasis in original) (quoting Black's Law Dictionary 1631 (8th ed. 2004) (defining winding up as the "process of settling accounts and liquidating assets in anticipation of a partnership's or a corporation's dissolution")). But Black's Law Dictionary is not helpful here, since Black's Law Dictionary defines dissolution of a corporation as "the event immediately preceding ... the winding-up process." Black's Law Dictionary 506-07 (8th ed. 2004) (emphasis added). In any event, District of Columbia courts ruling on D.C. and foreign laws regarding corporations, partnerships and LLCs have consistently noted that the period of winding up occurs after dissolution. *See*, for D.C. corporations, *Bourbeau v. Jonathan Woodner Co.*, 2008 U.S. Dist. LEXIS

---

[4] In the present case, this is evidenced by the fact that Ambassador held out to Plaintiff and to the world that it continued to exist past the date of its ineffective Articles of Dissolution. Indeed, Ambassador was represented by and acted through its counsel for more than nine months after it filed its Articles of Dissolution. See Complaint ¶ 20-21. *See also* Letter from Scott Kowalski, legal counsel for Ambassador, to Richard T. Rossier, Esq of Feb. 23, 2007, attached hereto as Exhibit D.

31574 (D.D.C. Apr. 17, 2008) (winding up occurs after revocation of non-profit corporation's charter) and *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 916 (D.D.C. 2006) (dissolved corporation continued to exist "for the limited purpose of winding up its activities"); for D.C. partnerships, W*ash. Sheraton Corp. v. 2660 Woodley Rd. Joint Venture*, 2006 U.S. Dist. LEXIS 69544 (D.D.C. Sept. 27, 2006) (interpreting D.C. Code § 33-108.02 as "providing that a partnership continues after dissolution for the purpose of winding up its business, and the partnership is terminated when the winding up of its business is completed") and *Washington Medical Center, Inc. v. Holle*, 573 A.2d 1269, 1278 (D.C. 1990) (holding that "dissolution" of a partnership is distinct from "termination" and that a partnership continues to exist after its dissolution); and interpreting foreign law, *Connors v. Incoal, Inc.*, 285 U.S. App. D.C. 221 (D.C. Cir. 1990) (interpreting Kentucky law as providing that "[o]n dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed") and *Roz Trading Ltd. v. Zeromax Group, Inc.*, 517 F. Supp. 2d 377, 386 (D.D.C. 2007) (interpreting the Delaware Limited Liability Company Act as providing a period of winding up after the time of an LLC's dissolution). Defendants have cited no authority holding otherwise.

Ambassador has yet to finish winding up – a process which necessarily includes discharging its liability to Plaintiff. *See* D.C. Code §29-1050(b). Because Ambassador has not finished winding up, it still exists for the purpose of defending suits. *See id.* Indeed, Defendants <u>admit</u> that D.C. Code § 29-1050 provides for a cause of action against an LLC during the winding up process. *See* Defs' Opp. at 4 ("Section 29-1050 of the D.C. code … provides for [a cause of action] during the winding up of the LLC").

5

**II.     Ambassador is not a sham or nominal party.**

Defendants argue that Ambassador is "merely a nominal or formal party-defendant," and therefore they were not required to comply with proper procedures for removing this action by obtaining Ambassador's consent. Defendants principally rely on *Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129 (9th Cir. 2002) in support of this argument. The defendant in *Strotek* was a District of Columbia corporation that formerly existed as an unincorporated trade association with members in Nevada. One year prior to the plaintiff filing suit, the members of the unincorporated trade association incorporated, wound up the association's business, and transferred its assets and liabilities to the corporation. The court held that for the purposes of diversity jurisdiction, the surviving corporation was the real party in interest. The court based this decision in part on (1) the fact that the association's change in form would not affect the plaintiff's ability to pursue his claims against the surviving corporation and (2) the fact that it was unclear whether an unincorporated trade association had the capacity to be sued in Nevada – regardless of whether it was alive or dead.

Defendants' reliance on *Strotek* is clearly misplaced. First, it is perfectly clear that a limited liability company has the capacity to be sued in the District of Columbia. Second, the unincorporated trade association in *Strotek* had finished the winding up process; Ambassador has not. Finally, the corporation in *Strotek* explicitly assumed the liabilities of the association, making it the more appropriate party to defend the suit. Here, Ambassador claims to be wholly immune from suit, despite having sworn in its defective Articles of Dissolution that it had made "adequate provision" for its liabilities. *See* Exh. A.

**CONCLUSION**

In the District of Columbia, the purported filing of Articles of Dissolution does not terminate the existence of a limited liability company for all purposes. Rather, a limited liability company does not completely cease to exist until it has finished winding up. During the winding up process, a limited liability company can be sued. Ambassador was still in the process of winding up when it was sued by the Plaintiff. In addition, because the Articles of Dissolution were fraudulent, they are ineffective and Ambassador continues to exist. Accordingly, Ambassador is a proper defendant, and as such, its consent was required to remove this action from the D.C. Superior Court. Because Defendants did not obtain Ambassador's consent within the statutory period, remand is required.

Dated: July 16, 2008                             Respectfully submitted,

                                                 _____/s/_____
                                                 Richard T. Rossier (D.C. Bar No. 334649)
                                                 Marc E. Miller (D.C. Bar No.948372)
                                                 Alex Menendez (D.C. Bar No. 470475)
                                                 MCLEOD WATKINSON & MILLER
                                                 One Massachusetts Avenue, NW
                                                 Suite 800
                                                 Washington, D.C. 20001
                                                 (202) 842-2345
                                                 (202) 408-7763

ND: 4810-5571-9426, Ver 1

# EXHIBIT A



**WALNUT STREET DEVELOPMENT**

3950 CHAIN BRIDGE ROAD | FAIRFAX, VA 22030
703.273.4140 | FAX 703.273.4130 | WWW.WSD.COM

*Building Your Style*

Government of the District of Columbia
DCRA
Corporations Divisions
P.O. Box 92300
Washington, D.C. 20090

ARTICLES OF DISSOLUTION OF A LLC

Pursuant to provisions of title 29, Chapter 10 of the Code of Laws of the District of Columbia, which governs the formation of limited liability companies; the undersigned limited liability company adopts the following Articles of dissolution:
FIRST: The name of the limited liability company is Ambassador Development, LLC
SECOND: The date on which the Articles of Organization were filed is September 28, 2001.
THIRD: There were no amendments to the LLC
FOURTH: The name and respective addresses of its sole manager is:
Robert R. Montagne, Jr.
4916 Oakcrest Drive
Fairfax, VA 22030
FIFTH:
A. All Debts, obligations, and liabilities of the limited liability company have been paid, discharged, or adequate provision has been made therefore.
SIXTH:
A. All remaining property and assets of the limited liability company have been distributed among its members in accordance with their respective rights and interests.

DATE: October 24, 2006

Ambassador Development, LLC
By:
Robert R. Montagne, Jr.

*[signature]*

FILE
NOV 13 2006

# EXHIBIT B

## Carol Browner

| | |
|---|---|
| **From:** | Robert R. Montagne, Jr. [robertmontagne@wsd.com] |
| **Sent:** | Monday, October 30, 2006 3:12 PM |
| **To:** | tdowney@dmggroup.com; Carol Browner |
| **Cc:** | bobby@wsd.com |
| **Subject:** | Warranty Resolution |
| **Attachments:** | Warranty Reimbursement Letter 10-30-06.pdf |

Tom & Carol,
Please see attached letter regarding our offer to resolve warranty claims for Unit 83.
If you have any questions, please don't hesitate to contact me.
Thank you.

Robert R. Montagne, Jr.
703-273-4140 x26
202-409-4100 cell

**Please note our new address:**
3950 Chain Bridge Road
Fairfax, VA 22030

The information contained within this electronic mail message is privileged and confidential information intended only for the use of the individual or entity named. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 703-273-4140 and delete this message.

12/12/2006



3950 CHAIN BRIDGE ROAD | FAIRFAX, VA 22030
703.273.4140 | FAX 703.273.4130 | WWW.WSD.COM

*Building Your Style*

WALNUT STREET
DEVELOPMENT

October 30, 2006

Carol Browner & Tom Downey
The Ambassador
1750 16th Street, NW Unit 83
Washington, DC 20009

Re: Reimbursement for Warranty Claims

Dear Carol & Tom:

Thanks for meeting with me the other day in regards to your flooring and HVAC issues. The purpose of this letter is to offer you a resolution to the warrantable work that you have requested in your condominium.

Per the DC Condominium code, a two-year structural warranty is given to homeowners purchasing new construction. This is applicable to your condominium. This period began on October 21, 2003, the day of your settlement, and concluded on October 21, 2005. The items that were addressed in this period are covered by the warranty.

It is my understanding that your flooring has certain areas that may require repair. We had estimated repair work in the amount of 500 square feet. The wood installed in your unit is 4" number 2 maple, installed and finished in place. The cost to remove and replace the boards totals $7.95/square foot, and to finish in place an additional $.65/square foot. To repair the 500 square feet of area that may be problematic, the total repairs will cost $4,300. In addition to this, we expected these repairs to last up to 48 hours requiring us to put you in a hotel for two evenings at a cost of $250.00 per night, for a total of $500.00.

Regarding the HVAC unit, it is my understanding that Tyler Mechanical has replaced the coil in your unit to be the proper size to match the unit installed. The second portion of your HVAC claim deals with the upstairs penthouse portion of your condominium. We will reimburse you a total of $2500 to make necessary additions upstairs to solve the warranty claim you have submitted.

This produces a total reimbursable claim of $7,300.

Upon acceptance of this claim we will issue you a check in the above amount.

Thank you for your patience and understanding. Please don't hesitate to contact me with any questions.

Sincerely,

Robert R. Montagne

# EXHIBIT C

**Marc Miller**

**From:** Tom Downey [tdowney@dmggroup.com]
**Sent:** Friday, November 10, 2006 4:52 PM
**To:** robertmontagne@wsd.com
**Subject:** Response to your letter

Dear Bobby.
We wanted to respond to your letter regarding the ongoing significant issues associated with our condominium. We had hoped that we could resolve this matter in a mutually acceptable manner. Unfortunately your offer is not acceptable nor is it in keeping with your and your company's commitments and actions regarding the significant problems with the unit. Assuming there is no way to find an acceptable resolution we will ask our lawyer to be in touch with you.
Tom

1

# EXHIBIT D

# WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
### ATTORNEYS AT LAW

8405 Greensboro Drive
Suite 100
McLean, Virginia 22102

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

Scott Kowalski
Direct Dial: (703) 749-1057
Direct Facsimile: (703) 893-8029
skowalsk@wthf.com

February 23, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Richard T. Rossier, Esq.
McLeod, Watkinson & Miller
One Massachusetts Avenue, NW
Suite 800
Washington, DC 20001-1401

Re:   Demand for Arbitration

Dear Mr. Rossier:

This letter is in response to your letter dated February 8, 2007. This firm represents Ambassador Development, LLC (the "Seller") in connection with Ms. Browner and Mr. Downey's (collectively the "Purchaser") claims arising out of the September 2003 Purchase Agreement ("Agreement") for Unit 83 between Seller and Purchaser.

As you correctly state in your letter, Section 36 of the Agreement provides that any dispute arising under the Agreement is subject to binding arbitration and the arbitration is a condition precedent. Pursuant to Section 36 of the Agreement, however, a claimant shall appoint an "independent third party as the claimant's arbitrator." The appointment of Mr. Marc Miller, a partner in your law firm, does not comport with the terms of the Agreement, which require the appointment of an independent third party under Section 36 of the Agreement.

Therefore, the Seller will await the claimant's selection of an independent third party as an arbitrator. Once the claimant specifies in writing the selection of an appropriate arbitrator, we can move forward with this process.

Very truly yours,

Scott Kowalski

Irvine, CA     San Francisco, CA     Washington, D.C.     Florence, Italy     Frankfurt, Germany