UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS J. DOWNEY,<br><br>    Plaintiff,<br><br>       v.<br><br>AMBASSADOR DEVELOPMENT, LLC,<br>et al.,<br><br>    Defendants. | Civil Action No. 08-982 (JDB) |

**MEMORANDUM OPINION**

Plaintiff filed this action in the Superior Court of the District of Columbia ("D.C. Superior Court") seeking damages from defendant Ambassador Development, LLC ("Ambassador LLC") and three of its members for alleged structural defects in a condominium unit that plaintiff purchased from Ambassador LLC.  The individually named defendants, Robert R. Montagne, Jr., Thomas F. Dungan, III, and Thomas Dungan, Jr., then removed the action to this Court.  Plaintiff has moved to remand the action to D.C. Superior Court and seeks costs and fees for his motion.  For the reasons stated below, the Court will remand this case to the D.C. Superior Court.

**DISCUSSION**

Plaintiff, a resident of D.C., asserts claims against Ambassador LLC under District of Columbia law for breach of express and implied warranties, breach of contract, breach of implied covenant of good faith and fair dealing, and strict product liability.  See Compl. ¶¶ 31-67.  He alleges that Ambassador LLC was dissolved by the filing of articles of dissolution on November 13, 2006, in violation of applicable legal requirements, but contends that Ambassador LLC remains subject to suit during the "winding up" process.  Id. ¶¶ 22-23, 26; see Pl.'s Mem. at 5.

Plaintiff also seeks to recover damages individually from the three members of Ambassador LLC, who are all residents of Virginia, based on the doctrine of piercing the corporate veil, wrongful dissolution, and a de facto partnership theory. Id ¶¶ 68-87.

In cases with multiple defendants, removal is only appropriate when each defendant consents to removal. See Kopff v. World Research Group, 298 F. Supp. 2d 50, 54 (D.D.C. 2003) ("[I]t is well established that removal generally requires unanimity among the defendants."). Plaintiff contends that this action must be remanded because Ambassador LLC is a properly named defendant, and Ambassador has not joined in removal.[1] The individual defendants contend that this action was properly removed to this Court because "[a]ny claim against Ambassador . . . is a legal nullity," and thus Ambassador's joinder in the suit cannot be used to defeat removal. Defs.' Notice of Removal ¶ 5. They further contend that it is impossible for Ambassador to consent to removal because it no longer exists. Defs.' Opp'n to Mot. to Remand at 2-5.

The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294, 297 (D.D.C. 2005); In re Tobacco/Gov'tal Health Care Costs Litig., 100 F. Supp. 2d 31, 35 (D.D.C. 2000). Because of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941); Bhagwanani, 355 F. Supp. 2d at 297; Johnson-Brown v. 2200 M St. LLC, 257 F. Supp. 2d 175,

---

[1] Plaintiff does not contest that complete diversity of citizenship exists. See Pl.'s Mem. at 3 n.2; see also Defs.' Opp'n at 2. Plaintiff is a resident of D.C., and the three individual defendants are residents of Virginia. Id. The citizenship of a limited liability company is determined by the citizenship of its members (Breakman v. AOL LLC, 545 F. Supp. 2d 96, 102 (D.D.C. 2008), and hence, Ambassador LLC is a citizen of Virginia. See Pl.'s Mem. at n.2.

177 (D.D.C. 2003). Accordingly, "if federal jurisdiction is doubtful, a remand to state court is necessary." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc); see also Bhagwanani, 355 F. Supp. 2d at 297; Johnson-Brown, 257 F. Supp. 2d at 177.

In particular, where remand depends on the viability of a claim against a defendant, "courts are required to resolve all disputed issues of fact and law in favor of the plaintiff." Brown v. Brown & Williamson Tobacco Corp., 26 F. Supp. 2d 74, 77 (D.D.C. 1998) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993)); see also Johnson-Brown, 257 F. Supp. 2d at 177 ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand."). To meet their burden here, defendants must show that plaintiff has "no possibility of a right to relief." Brown, 26 F. Supp. 2d at 77 (citation omitted).

The individual defendants make two arguments against remand that are essentially the same -- that Ambassador LLC cannot consent to removal because it no longer exists, and its consent to suit should not be required because the claim against a dissolved LLC is necessarily a "sham." See Defs.' Opp'n at 2-6; see also Defs.' Notice of Removal ¶ 5 ("[a]ny claim against Ambassador . . . is a legal nullity"). Both of these arguments depend on whether a claim may be brought against a dissolved limited liability company under District of Columbia law. But District of Columbia law suggests that a dissolved limited liability company may be subject to suit. The chapter of the D.C. Code addressing dissolution of limited liability companies provides that:

> The person winding up the limited liability company's affairs may, <u>in the name of, and for and on behalf of, the limited liability company, prosecute and defend suits, whether civil, criminal or administrative</u>, gradually settle and close the limited liability company's business, dispose of and convey the limited liability company's property, discharge, or make reasonable provision for the limited

>liability company's liabilities, and distribute to the members any remaining assets of the limited liability company.

D.C. Code § 29-1050.  Defendants contend that the underscored text cannot refer to a cause of action against a dissolved LLC because the language is not sufficiently clear,[2] positing instead that the reference to suits during the "winding up" of an LLC means only suits prior to dissolution.  See Defs.' Opp'n at 4-5 (citing Black's Law Dictionary).  However, cases interpreting the concept of "winding up" under District of Columbia law describe "winding up" as occurring after dissolution.  See Washington Med. Ctr. v. Holle, 573 A.2d 1269, 1278 (D.C. 1990) (explaining, in the context of partnerships, that "[d]issolution . . . is distinct from termination, and the partnership continued to exist until its business was wound up and a final accounting was conducted"); Bourbeau v. The Jonathan Woodner Co., 549 F. Supp. 2d 78, 84 (D.D.C. 2008) (explaining that, when a corporation is deemed to be dissolved upon revocation of articles of incorporation, it still may conduct "activities necessary for winding up its affairs"); Washington Sheraton Corp. v. 2660 Woodley Rd. Joint Venture, Civil Action No. 05-0971, 2006 U.S. Dist. LEXIS 69544 (D.D.C. Sept. 27, 2006) (holding that, under District of Columbia law, even after dissolution, "a partnership continues to exist until its business is wound up").

The individual defendants also suggest that it is factually impossible for Ambassador LLC to consent to suit in light of its dissolution.  But the facts thus far presented by plaintiff rebut that contention.  Plaintiff has presented a letter dated February 23, 2007 -- over three

---

[2] This language contrasts with the D.C. Code provision addressing the capacity of corporations to be sued after dissolution, which provides: "The dissolution of a corporation . . . shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, or any right or claim existing, or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within 2 years after the date of such dissolution.  Any suit or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name."  D.C. Code § 29-101.97.

months after the reported dissolution of Ambassador LLC -- showing that Ambassador LLC had retained legal counsel to represent it in an arbitration. See Pl.'s Reply, Exhibit D. Responding to plaintiff's request for arbitration, the letter, signed by attorney Scott Kowalski, states: "This firm represents Ambassador Development, LLC . . . in connection with Ms. Browner and Mr. Downey's . . . claims arising out of the September 2003 Purchase Agreement . . . for Unit 83 . . . ." Id. Consistent with this letter, the complaint alleges that plaintiff and Kowalski were engaged in communications about arbitration through August 17, 2007. Compl. ¶¶ 19-21. Thus, the record, construed in the light most favorable to plaintiff, indicates that, although dissolved, Ambassador LLC has the capacity to retain legal counsel and engage in matters that are part of the winding up process.

      The Court need not rule now on whether a cause of action lies against Ambassador LLC. The standard is very low for plaintiff to obtain a remand based on the capacity of a defendant to be sued, with a remand required where there is "even a possibility that a state court would find a cause of action stated against" a defendant who is purportedly not subject to suit. Brown, 26 F. Supp. 2d at 77 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981)). Plaintiff has sufficiently raised that possibility here.

      In the context of plaintiff's remand motion, the individual defendants have, in effect, asked the Court to dismiss the claims against Ambassador LLC on the ground that plaintiff has failed to state a claim against Ambassador LLC. That determination should be made by the D.C. Superior Court. See Brown, 26 F. Supp. 2d at 77 (holding that "[r]egardless of the strength or weakness of the plaintiffs' . . . argument, it cannot be said to be 'wholly nonsensical.' Its merit, therefore, is appropriately left for the courts of the District of Columbia to determine on remand."); see also Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 374 (E.D. Pa. 2000)

("We hasten to repeat that it is possible that these claims will ultimately be dismissed on remand, . . . but the important point here is that this is not our decision to make, but instead must be left to the state courts."). Because there remains a possibility that the claims against Ambassador LLC will survive, remand is appropriate.

## CONCLUSION

Upon consideration of the foregoing, the Court will grant plaintiff's motion to remand this action to the Superior Court of the District of Columbia. Plaintiff's request for costs and fees will be denied. An order has been issued on this date.

                                                                        /s/
                                            JOHN D. BATES
                                  United States District Judge

Date:   August 1, 2008